**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RE'QUAN KENTRELL OTEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: 1: |
| v. | ) | 24-CV-00184-TWT |
| | ) | |
| | ) | |
| AMC ENTERTAINMENT | ) | |
| HOLDINGS, INC., a foreign for- | ) | |
| profit corporation; and JADE | ) | |
| THOMAS f/k/a JEVON THOMAS, | ) | |
| individually, | ) | |
| | | |
| Defendants. | | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
**DEFENDANT JADE THOMAS F/K/A JEVON THOMAS FOR FRAUDULENT**
**JOINDER**

COME NOW defendants American Multi-Cinema, Inc. (improperly named as "AMC Entertainment Holdings, Inc.") (hereinafter "AMC") and Jade Thomas f/k/a Jevon Thomas ("Thomas"), and submit this brief in support of their motion to dismiss defendant Thomas for fraudulent joinder.

## Part I

### Statement of the Case

Plaintiff Re'Quan Kentrell Otey brought this action seeking to recover for personal injuries allegedly as the result of a gunshot wound at an AMC movie theater, the AMC Phipps Plaza 14, in Atlanta, Georgia, on December 20, 2021.

(Complaint, ¶1). Although plaintiff's complaint does not state the amount of damages or specific amount of recovery sought, plaintiff submitted a settlement demand to AMC prior to filing suit in the amount of $750,000.00.  (See [Doc. 1-2]).

Plaintiff's complaint alleges that Thomas is a citizen and resident of Gwinnett County, Georgia.  (Complaint ¶ 4.)  Plaintiff alleges that Thomas was the "manager/operator" of the AMC at the time of the December 20, 2021, incident and that Thomas was in charge of the "management and security" of the AMC.  (Id.)  According to plaintiff, Thomas responded to the incident and "took part in the commission of the negligence at issue and is personally liable, therefore." (Id.)

These are the only allegations specifically directed at Thomas. The remainder of the complaint lumps AMC and Thomas together as "defendants" and alleges that both AMC and Thomas failed to implement "adequate security measures" to prevent the incident from occurring. (See generally, Complaint). Plaintiff contends that this alleged failure to implement adequate security amounts to a failure to exercise ordinary care to keep the premises safe for invitees, like plaintiff. (Id.)

Other than these general allegations, there is no allegation that any act or omission on the part of Thomas caused or contributed to plaintiff's injuries.  (See

generally Complaint.)

As discussed in more detail below, Thomas has been fraudulently joined as a party to this action, as there is no possibility that plaintiff can establish a cause of action against her under Georgia law.  There is no evidence or allegation that any act or omission on the part of Thomas caused or contributed to plaintiff's injuries, nor is there any possible basis on which Thomas could be held liable in this action.  For that reason, defendants respectfully request that this Court dismiss Thomas as a party and allow this action to proceed against AMC.

## Part II

## Argument And Citation of Authority

Defendant AMC removed the present case to this Court based on diversity Jurisdiction pursuant to 28 U.S.C. § 1441(a).   For diversity jurisdiction to exist, every plaintiff must be diverse from every defendant.  Triggs v . John Crump Toyota , Inc.,. 154 F.3d 1284, 1287 (11th Cir. 1998).  However, a defendant may invoke the doctrine of fraudulent joinder to avoid the complete diversity rule.  Fraudulent joinder exists when a plaintiff joins a defendant solely to defeat diversity jurisdiction.  Henderson v . Wash. Nat'l. Ins. Co., 545 F.3d 1278, 1281 (11th Cir. 2006).  A defendant may invoke the fraudulent joinder doctrine by showing either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in the state court, or (2) that the plaintiff

fraudulently pleaded jurisdictional facts.  Cabalceta v. Standard Fruit Co., 883 F. 2d 1553, 1561 (11th Cir. 1989).  "These determinations should be made based upon the plaintiff's pleadings at the time of removal."  Id.  See also Tillman v. R.J. Reynolds Tobacco Co., 253 F.3d 1302, 1305 (11th Cir. 2001) ("it is appropriate for a federal court to dismiss [a resident defendant] and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant") (citing Triggs v. John Krump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)).

"The determination of whether a resident defendant has been fraudulently joined is based on the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties."  Holloway v. Travelers Indem. Co., 761 F. Supp.2d 1371, 1374 (N.D. Ga. 2010) (citing Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998)).  "In making its determination, the court must evaluate factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about the applicable law in the plaintiff's favor."  Id.

In the present case, even construing all allegations in the complaint in favor of plaintiff, there is no legal or factual basis to hold Thomas individually liable to him for the alleged incident at the theater simply because Thomas was one of the managers on duty at the time of the incident.

While Thomas was present at the AMC on December 20, 2021, the date of the alleged incident, she was unaware that a patron had brought a firearm into the AMC Phipps Plaza 14.  (Declaration of Jade Thomas, ¶4.)  Earlier that evening, and leading up to the time of the incident, Thomas performed all of her job duties as normal and instructed. (Id. at ¶ 5.) Thomas did not speak to or otherwise interact with the suspected assailant prior to the incident. (Id. at ¶ 6.) Thomas did not witness the incident, and there is no evidence or allegation that she had anything to do with the shooting.  (Id. at ¶ 7.)

Although Thomas received training from AMC on active shooter situations, she was not, individually, responsible for "security" and prevention of incidents involving firearms. (Id. at ¶ 10.) Prior to the date of the incident involving plaintiff, Thomas was unaware of any other incidents involving firearms or gun violence at the AMC Phipps Plaza 14. (Id. at ¶ 9.)

It is well-settled under Georgia law that Thomas cannot be held liable to plaintiff merely because she was the manager on duty.  See, e.g., Matos v. Wal-Mart Stores, Inc., 2006 U.S. Dist. LEXIS 101762 (S.D. Ga. May 9, 2006) (citing Adams v. Sears Roebuck & Co., 227 Ga. App. 695, 697, 490 S.E.2d 150 (1997)) (store manager not personally liable for plaintiff's injury at the store when he had no personal involvement in the incident at issue)).

In Adams, the Georgia Court of Appeals held that a store manager could

not be held personally liable for injuries resulting from a slip and fall at the store. O.C.G.A. § 51-3-1 establishes the duty of care owed by an owner or occupier of the premises (such as AMC) to an invitee (such as plaintiff).  As the <u>Adams</u> court explained, because the manager was neither an "owner nor occupier" of the store, he could not be held liable under O.C.G.A. § 51-3-1 as a matter of law, and the plaintiff had asserted no other basis for imposing personal liability upon him. 227 Ga. App. at 697.  Likewise, in the present case, there is no basis for plaintiff to hold Thomas personally liable for his alleged injuries as a matter of law.  <u>Id</u>. Nothing Thomas did or did not do could have prevented this incident from occurring. Because there is no possible basis on which plaintiff could recover from Thomas in this action, she should be dismissed as a defendant.  <u>See</u> <u>Holloway</u>, 761 F. Supp.2d at 1374-75.

## Part III

## Conclusion

To the extent that plaintiff has a viable claim against AMC for an injury sustained at the AMC theater, there is no basis to hold Thomas individually liable simply because she was a manager on duty.  Because there is no possibility that plaintiff could establish a cause of action against Thomas, defendants respectfully request that their motion be granted and that this Court drop Thomas as a party defendant to this action.

This 18th day of January, 2024.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/Lauren P. Kamensky*

_____

David M. Atkinson
Georgia Bar No. 026460
Lauren P. Kamensky
Georgia Bar No. 937929
*Attorney for Defendants*

1420 Peachtree Street, NE.
Suite 800
Atlanta, GA  30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
david.atkinson@swiftcurrie.com
lauren.kamensky@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2024, I electronically filed the foregoing *Brief in Support of Defendants' Motion To Dismiss Defendant Jade Thomas f/k/a Jevon Thomas For Fraudulent Joinder* with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record.

This 18th day of January, 2024.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Lauren P. Kamensky*

_____

David M. Atkinson
Georgia Bar No. 026460
Lauren P. Kamensky
Georgia Bar No. 937929
*Attorney for Defendants*

1420 Peachtree Street, NE.
Suite 800
Atlanta, GA  30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
david.atkinson@swiftcurrie.com
lauren.kamensky@swiftcurrie.com