IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RE'QUAN KENTRELL OTEY,

     Plaintiff,

          v.

AMC ENTERTAINMENT HOLDINGS,
INC., et al.,

     Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-00184-TWT

### OPINION AND ORDER

This is a personal injury case. It is before the Court on Defendants'
Motion to Dismiss [Doc. 2]. For the reasons set out below, the Defendants'
Motion to Dismiss [Doc. 2] is DENIED.

## I.     Background

This action arises out of injuries Plaintiff Re'Quan Otey suffered from
being shot in the abdomen at AMC Phipps Plaza 14. Defendant AMC
Entertainment Holdings, Inc. is a foreign for-profit corporation.[1] (Compl. ¶ 9).
Defendant Jade Thomas f/k/a Jevon Thomas was the on-duty manager of the
Phipps AMC at the time of the Plaintiff was injured. (*Id.* ¶ 4). Plaintiff Otey
and Defendant Thomas are both residents of Georgia. (*Id.*). The Plaintiff

---

[1] The Plaintiff acknowledges that AMC Entertainment Holdings, Inc.
was improperly named in the Complaint and has agreed to substitute the
proper party, American Multi-Cinema, Inc. (Pl.'s Br. in Opp'n to Mot. to
Dismiss, at 7). However, a motion to substitute has not been filed at this time.

alleges that the Defendants owned, operated controlled, managed, and/or secured the Phipps AMC at all relevant times. (*Id.* ¶ 14).

On December 20, 2021, the Plaintiff was a customer at the Phipps AMC when, during a movie showing, he was shot in the abdomen with a deadly weapon. (*Id.* ¶¶15-16). Despite reports of criminal activity on the premises and the surrounding area during the five years prior to the incident, no changes were made to the security measures at the premises. (*Id.* ¶¶ 17-18). The Defendants' failure to implement adequate security measures permitted the Plaintiff's assailant to enter, remain on, and escape the premises, undetected and unabated. (*Id.* ¶ 19). The failure to maintain adequate security measures and to warn invitees of the likelihood of criminal attacks, despite actual or constructive knowledge, allegedly amounted to negligence. (*Id.* ¶¶ 26-31).

Based on these events, the Plaintiff brought negligence *per se* claims against the Defendants for breaching their statutory duty under O.C.G.A. § 51-3-1 to keep the premises safe for invitees, including the Plaintiff. (*Id.* ¶ 36). The Defendants removed the case from the State Court of Gwinnett County to this Court, asserting that the Court has diversity jurisdiction because Defendant Thomas is fraudulently joined. The Defendants now move to dismiss the claims against Defendant Thomas.

## II.    Legal Standard

Federal courts are courts of limited jurisdiction; they may only hear cases that the Constitution and Congress have authorized them to hear. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally brought in state court may be removed by a defendant to federal court when the action satisfies the constitutional and statutory requirements for original federal jurisdiction. *See* 28 U.S.C. § 1441. Because of the limited authority of federal courts, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). When no federal question exists, diversity jurisdiction can be invoked under 28 U.S.C. 1332(a) where complete diversity exists among the parties and the amount in controversy exceeds $75,000. "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

## III.    Discussion

The Defendants argue that Defendant Thomas should be dismissed as fraudulently joined. (Defs.' Br. in Supp. of Mot. To Dismiss, at 1). In his Response, the Plaintiff opposes dismissal and moves for remand and for litigation expenses related to this removal. (Pl.'s Br. in Opp'n to Mot. to

3

Dismiss, at 6). The Court agrees that remand is appropriate but declines to award fees.

When "on the face of the pleadings, there is a lack of complete diversity which would preclude removal of the case to federal court," the case "may nevertheless be removable if the joinder of the non-diverse party . . . [was] fraudulent." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Joinder of a non-diverse party may be fraudulent "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.*

> To assess whether a plaintiff may establish a claim against a non-diverse defendant, the court must evaluate factual allegations in the light most favorable to the plaintiff. The court should not weigh the merits of the plaintiff's claims beyond determining whether they are arguable under state law, and should resolve uncertainties about state substantive law in the plaintiff's favor. If there is even a possibility that a state court would find that the complaint states a claim against any of the non-diverse defendants, then the joinder was proper and the federal court must remand the case to the state court.
>
> . . . All that is required are allegations sufficient to establish even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants.

*Kimball v. Better Bus. Bureau of W. Fla.*, 613 F. App'x 821, 823 (11th Cir. 2015) (citations omitted). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts

4

submitted by the parties." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "While the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under [Rule] 56(b), the jurisdictional inquiry must not subsume substantive determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quotation marks and citations omitted).

In addition, when evaluating whether a plaintiff states a claim against a non-diverse defendant, federal courts "necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." *Kimball*, 613 F. App'x at 823 (citation omitted). Georgia state courts employ a notice pleading standard, under which a plaintiff may plead legal conclusions and those conclusions may be considered by the court in determining whether the complaint sufficiently states a claim. *Id.*

> Georgia courts will not grant a motion to dismiss for failure to state a claim unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

> In Georgia, a complaint need not set forth all of the elements of a cause of action as long as, within the framework of the complaint, evidence may be introduced to sustain a grant of relief to the plaintiff. The true test under Georgia's pleading standard is whether the pleading gives fair notice and states the elements of the claim plainly and succinctly, and not whether as an abstract matter it states conclusions or facts.

*Id.* at 823-24 (quotation marks, alterations, and citations omitted).

The Defendants contend that Defendant Thomas cannot be found liable under O.C.G.A. § 51-3-1. That statute provides in relevant part that "an owner or occupier of land" who "induces or leads others to come upon his premises for any lawful purpose" is liable for injuries resulting from negligently unsafe premises. O.C.G.A. § 51-3-1 The crux of the Defendants' argument is that the Georgia Court of Appeals rejected the proposition that a manager could be considered an "owner or occupier" in *Adams v. Sears, Roebuck, & Co.*, 227 Ga. App. 695, 697 (1997). (Defs.' Br. in Supp. of Mot. to Dismiss, at 5-6). The entirety of that court's discussion on the matter is as follows:

> Adams' contention that Washington, the store manager, is personally liable for her injuries is without merit. Regardless of whether Sears might be liable in this case, because Washington was neither an "owner nor occupier" of the Sears' store, he cannot be held liable under OCGA § 51–3–1, as a matter of law, and Adams has asserted no other basis for imposing personal liability upon him.

*Adams*, 227 Ga. App. at 697. The Defendants argue that this passage precludes all possibility of the Plaintiff recovering from Defendant Thomas. (Defs.' Br. in Supp. of Mot. to Dismiss, at 6). The Court disagrees.

As the court explained in *Poll v. Deli Mgmt., Inc.*, 2007 WL 2460769, at *3-7 (N.D. Ga. Aug. 24, 2007), *Adams* is not as clear as the Defendants suggest. As an initial matter, there is Georgia case law that recognizes that a certain level of supervisory control can create liability under O.C.G.A. § 51-3-1. *Id.* at

*4-5. For example, in *Gregory v. Trupp*, 171 Ga. App. 299, 300 (1984), the court reversed a summary judgment ruling because there was a genuine issue of material fact as to whether the defendant was an "owner or occupier" of a vacant lot when he had a contract to mow the grass, and he regularly cleaned trash from the lot, maintained the shrubs, and occasionally ordered children off the lot. The Georgia Court of Appeals held that "whether the defendant exercised such control over the vacant lot to become an 'occupier of land' within the meaning of OCGA § 51–3–1, . . . [is a] factual issue[] for determination by the jury." *Id.*[2] In *Adams*, the court did not evince any intention "to overrule or abandon its earlier line of cases recognizing the general rule that liability under O.C.G.A. § 51-3-1 may extend to non-owners with sufficient supervisory control over the subject premises at the time of injury." *Poll*, 2007 WL 2460769, at *6.

Furthermore, *Adams* was before the court on a motion for summary judgment, so the court there had evidence from which it could deduce the level

---

[2] The Defendants assert that the Court should not rely on *Gregory* because it did not find that a "mere manager" could be an "occupier of land" under O.C.G.A. § 51-3-1. (Reply Br. in Supp. of Mot. to Dismiss, at 5). Instead, the Defendants say *Gregory* "held there was a genuine question of fact as to whether one of the owners of an apartment complex next to a vacant lot could have exercised sufficient control over the lot to be an 'occupier' under O.C.G.A. § 51-3-1." (*Id.*). This distinction is a factual one. To assess whether the distinction would warrant a different result, the Court would be required to improperly delve into the merits of the case. The Court will not do so.

of supervisory control the defendant had. *Id.* at *6. The language of *Adams* does not clearly foreclose the possibility that it was simply ruling on the evidence before it, rather than making a general rule. Moreover, reading *Adams* to expound a general rule creates an additional problem. "[T]he categorical reading of *Adams* proposed by [the Defendants] appears to be in tension with the axiomatic principle that a master is jointly liable with his servant for damages wrought by the negligence of the servant while acting in the course and scope of his employment," *Id.* (quotation marks and citation omitted). Given these concerns, the Court agrees with *Poll* and is cautious of reading too much into a two-sentence discussion that does not provide cited support.

The Defendants are correct that *Matos v. Wal-Mart Stores, Inc.*, 2006 WL 8429930, at *2-3 (S.D. Ga. May 10, 2006), relied on *Adams* to hold that there was no possibility for a store employee to be found liable under O.C.G.A. § 51-3-1. (Defs.' Br. in Supp. of Mot. to Dismiss, at 5). However, subsequent federal courts have routinely come to the opposite conclusion. *See, e.g., Poll*, 2007 WL 2460769, at *3-7; *Marine v. Murphy Oil USA, Inc.*, 2021 WL 4268054, at *2-4 (M.D. Ga. Sept. 20, 2021); *George v. Caribou Coffee, Inc.*, 2020 WL 13594963, at *3 (N.D. Ga. Oct. 20, 2020); *Ishmael v. Gen. Growth Props., Inc.*, 2014 WL 7392516, at *4 (S.D. Ga. Dec. 29, 2014); *Hambrick v. Wal-Mart Stores East, LP*, 2014 WL 1921341, at *3-4 (M.D. Ga. May 14, 2014); *Parker v. Goshen*

8

*Realty Corp.*, 2011 WL 3236095, at *2-3 (M.D. Ga. July 28, 2011) ("Notably, however, the decisions in *Adams* and *Anderson* appear to be limited to the specific facts of those cases, and, contrary to the Defendants' assertion, they do not supply a hard and fast rule of law to which no exceptions apply." (citation omitted)); *Stephens v. Wal-Mart Stores East, LP*, 2010 WL 1487213, at 1-2 (M.D. Ga. Apr. 12, 2010); *Greenway v. Wal-Mart Stores, Inc.*, 2010 WL 11506639, at *2-3 (N.D. Ga. Apr. 1, 2010) ("A careful reading of *Adams* cannot stretch its holding into such a bright-line rule."); *Ott v. Wal-Mart Stores, Inc.*, 2010 WL 582576, at *3 (M.D. Ga. Feb. 16, 2010) ("*Adams* is not persuasive in determining whether there is any possibility of a claim against Coon in the present case.").

The Court agrees with the great majority of cases that have addressed this issue; it concludes that the Defendants have not met their heavy burden for showing that Defendant Thomas was fraudulently joined. Thus, the Court will not dismiss Defendant Thomas. It is undisputed that complete diversity does not exist with Defendant Thomas in the case, and no other basis for federal jurisdiction is asserted. The Court therefore finds that it lacks subject matter jurisdiction to hear this case and that remand to the state court is warranted. Additionally, the Court declines to award attorney's fees to the Plaintiff under 28 U.S.C. § 1447(c). The Court views the Defendant's invocation of Rule 12(d)(6) as a simple typo meant to say Rule 12(b)(6).

Moreover, the Court does not find the Defendants' arguments to be so unreasonable as to warrant an award of fees. *See MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021).

### IV.   Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss [Doc. 2] is DENIED. The Clerk is directed to REMAND this matter to the State Court of Gwinnett County.

SO ORDERED, this ____4th____ day of April, 2024.

THOMAS W. THRASH, JR.
United States District Judge